UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CLYDE SMITH,

    Plaintiff,

v.

LAKEVIEW CONSTRUCTION OF WISCONSIN, LLC,
a foreign limited liability company

    Defendant.

_____/

# COMPLAINT

Plaintiff, CLYDE SMITH (hereinafter, "SMITH" or Plaintiff), by and through his undersigned counsel, hereby files his Complaint against LAKEVIEW CONSTRUCTION OF WISCONSIN, LLC. (hereinafter, "LAKEVIEW" or Defendant), and alleges as follows:

## JURISDICTION, PARTIES, AND VENUE

1. This is a claim for damages and other relief against Defendant pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act") and for violations of the Florida Workers' Compensation laws to Florida Statutes § 440.205 and the Florida Common Law.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 216(b)(1); (c)(2); and (d), because Plaintiff was employed by Defendant in this District; because Defendant, at all times material, conducted and continues to conduct business in the Southern District of Florida; and

1

because Defendant is a foreign limited liability and its registered agent is located within Broward County, Florida and is subject to personal jurisdiction herein.

4. Plaintiff, SMITH, is a resident of Broward County, Florida, over the age of 18 and otherwise *sui juris*. During all times relevant to this Complaint, Plaintiff was employed by Defendant as a construction superintendent.

5. Plaintiff traveled to jobsites throughout the United States and the State of Florida to provide construction services for the benefit of Defendant.

6. Plaintiff's responsibilities entailed setting up a field office, assist project managers, submit paperwork, establish benchmarks, facilitate job/safety meetings, provide labor when needed, etc. Plaintiff was therefore, an employee as defined by 29 U.S.C. § 203(e) and Florida Statutes § 440.02(15)(a).

7. Defendant, is a foreign limited liability company organized and existing under and by virtue of the laws of Wisconsin and registered to do business within Florida. Defendant does not have a principal place of business in the State of Florida but its registered agent is located in Broward County Florida, and is subject to the laws of the United States and the State of Florida.

8. Defendant is a company which provides construction services though out the United States including the State of Florida was, at all times relevant, an employer as that term is defined in Fla. Stat. § 440.02(16)(a).

9. At all times relevant hereto, Defendant was a covered employer under the 29 U.S.C. § 203(d) and (s)(1) in that it had employees engaged in commerce or in the production of goods for commerce or that had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

10. At all times material to this Complaint, Defendant has had two (2) or more

employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 203.

11. Defendant, upon knowledge and belief, has gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. All conditions precedent to this action have been performed or waived.

## GENERAL ALLEGATIONS
## (FLSA VIOLIATIONS AND UNPAID WAGES)

13. Plaintiff worked for Defendant as a construction superintendent throughout Florida and the United States including Colorado and Arizona from August 2018 until his termination on December 7, 2020.

14. Plaintiff was an employee covered by the FLSA in that he was employed by Defendant as a superintendent. He is, therefore, an "employee" Under 29 U.S.C. §203(e).

15. Plaintiff was misclassified as an exempt employee. However, his job duties did not meet the requirements to qualify for an exemption under the FLSA. Specifically, Plaintiff did not manage employees, he did not have authority to hire or fire employees, he did not have authority to exercise discretion or independent judgment with respect to matters of significance, and he frequently provided manual labor as part of his job.

16. As such, Plaintiff was a non-exempt employee and subject to the payroll practices and procedures set forth herein.

17. Plaintiff regularly worked in excess of forty (40) hours during one or more workweeks within three years of the filing of this Complaint.

18. During the entirety of Plaintiff's employment with Defendant, Plaintiff worked an average of approximately fifty (50) to sixty (60) hours per week but Plaintiff was not properly paid overtime for the hours worked over forty (40) in a work-week.

19. At all times pertinent to this action, Defendant failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendant for which no provision was made to properly pay overtime for those hours worked over forty (40) in a work-week.

20. Defendant failed to properly compensate Plaintiff at one-and-one half times his regular rate of pay for all hours worked in excess of forty (40) hours per week.

21. Defendant and its representatives knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.

22. Defendant had knowledge of the hours worked in excess of forty (40) hours per week by Plaintiff for the benefit of the Defendant, but Defendant, nonetheless, willfully failed to compensate Plaintiff at one-and-one half times his regular rate of pay as required by the FLSA.

23. Defendant failed to maintain accurate records of all the actual start times, actual stop times, hours worked each day, and total hours worked each week by Plaintiff.

24. The complete records concerning the compensation actually paid to Plaintiff are in the possession, custody, and/or control of Defendant.

25. During his employment with Defendant, Plaintiff was compensated according the following schedule when working out of town on project:

- $1,400.00 per week for services rendered as a construction superintendent;
- $210.00 per week for food; and
- $490.00 per week for lodging.

26. In addition to the above compensation schedule, Defendant agreed to pay Plaintiff for gas and mileage in order for him to travel to and from the job sites using his personal truck and tools.

27. In June 2020, Plaintiff was directed to drive to Colorado to work on a project for Defendant.

28. Plaintiff was also sent by Defendant to Arizona to work on a project in November 2020.

29. To date, Plaintiff has not been paid his wages for the week ending on June 28, 2020, while Plaintiff was traveling to and/or working in Colorado. Further, Plaintiff was not paid for his food and lodging compensation while working on a project in Arizona for weeks ending on November 29, 2020 and December 6, 2020.

30. In addition, Defendant has not paid Plaintiff for his time, gas and mileage to return back to Florida from the job site in Arizona. As such, Plaintiff has been stranded in Arizona since his termination as of the time of this filing.

## GENERAL ALLEGATIONS
## (WORKER'S COMPENSATION RETALIATION)

31. On or about October 8, 2020, Plaintiff sustained a foot injury while working at a job site in Ocala, Florida for the Defendant.

32. Plaintiff reported the injury to Defendant as soon as he realized the injury was more than superficial and requested that a worker's compensation claim be filed.

33. Defendant refused to file a worker's compensation claim with the insurer for Plaintiff's work injury.

34. On or about November 21, 2020, Plaintiff was hospitalized due to the injury he sustained on Defendant's job site while he was working for Defendant.

35. Over the course of the next two (2) months, Plaintiff repeatedly notified Defendant that he would notify the insurer if Defendant refused to file the worker's compensation claim as he continued to have medical issues related to his work injury.

36. Plaintiff ultimately filed his own claim with Defendant's worker's compensation carrier due to Defendant's refusal to file the claim on Plaintiff's behalf.

37. On December 8, 2020, Defendant terminated Plaintiff while he was in Arizona working on a project for Defendant.

38. Plaintiff is still receiving treatment for his workers' compensation injury. Most recently, Plaintiff had a portion of his foot amputated in a hospital in Arizona. As a result of his amputation, Plaintiff now requires constant care.

39. At all times during the course of his employment with Defendant, Plaintiff's work performance had been more than satisfactory. Plaintiff had no reprimands, verbal or written, in his employee file.

40. There is no legal, non-discriminatory or non-retaliatory reason for Defendant's decision to terminate Plaintiff. Any reason Defendant provided for Plaintiff's termination is pretextual.

41. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

42. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I – VIOLATION OF FLSA/OVERTIME

43. Plaintiff re-alleges and re-aver paragraphs 1 – 30 as fully set forth herein.

44. During the course of Plaintiff's employment, Defendant has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one- and one-half times their regular rate.

45. During the entirety of Plaintiff's employment, Plaintiff worked an average of approximately fifty (50) to sixty (60) hours per week.

46. Plaintiff was only paid his base salary and never overtime.

47. Plaintiff was not exempt from the overtime provision of the FLSA pursuant to 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or professional employee.

48. Defendant has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

49. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

50. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

51. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, Plaintiff, CLYDE SMITH, requests judgment for:

    a.    Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FLSA.

    b.    Interest on the amount found due;

    c.    Liquidated damages;

    d.    Costs associated with this action together with reasonable attorney's fees incurred in this action pursuant to 29 U.S.C. §216(b); and

    e.    Such other relief as the Court deems just and proper.

## **COUNT II – UNPAID WAGES**

52. Plaintiff re-alleges and re-avers paragraphs 1 – 30 as fully set forth herein.

53  This action is brought upon Florida common law claim for unpaid wages.

54. Defendant has not paid Plaintiff duly owed wages for his services for the week ending June 28, 2020, and for food and lodging for the weeks ending on November 29, 2020 and December 6, 2020.

55. Further, Defendant failed to pay Plaintiff for the drive time, gas and mileage from Arizona to Florida upon his termination.

WHEREFORE, Plaintiff, CLYDE SMITH, requests judgment for:

    a. Unpaid wages;

    b. Unpaid food compensation;

    c. Unpaid lodging compensation;

    d. Unpaid gas expenses;

    e. Unpaid mileage expenses;

    f. Plaintiff's cost of suit herein together with reasonable attorney's fees incurred in this action; and

  g. Such other relief as this Court deems just and proper.

## COUNT III – VIOLATION OF WORKERS' COMPENSATION LAWS

56. Plaintiff re-alleges and re-avers paragraphs 1 – 12 and 31 - 42 as fully set forth herein.

57. Plaintiff was injured on the job on or about October 8, 2020, and requested that Defendant file a worker's compensation claim on his behalf on numerous occasions.

58. Plaintiff was terminated after making several requests for worker's compensation benefits from Defendant on December 8, 2020.

59. The purported reason for Plaintiff's discharge given by Defendant is pretextual.

60. Defendant discharged Plaintiff for his valid claim for medical treatment and compensation under the Workers' Compensation Law, and that Plaintiff's valid claim for compensation, at minimum, was a motivating factor in Defendant's decision to discharge Plaintiff, in violation of Florida Statutes § 440.205.

61. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his rights under Florida Statutes § 440.205. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff, CLYDE SMITH, requests judgment for:

  a. Lost wages and/or benefits as a result of his termination;

  b. Compensatory, liquidated, and punitive damages as allowed by law and upon a record showing proof thereof;

  c. Interest on all monies owed;

    d. Assessment against Defendant for those reasonable attorney's fees and costs incurred as a result of bringing this action as permitted by Florida statutes; and

    e. Any other relief this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, CLYDE SMITH, hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: January 12, 2021.

                                  LAW OFFICES OF CHARLES EISS, P.L.
                                  Attorneys for Plaintiff
                                  7951 SW 6th Street, Suite 112
                                  Plantation, Florida 33324
                                  (954) 914-7890 (Office)
                                  (855) 423-5298 (Facsimile)

By:   /s/ Charles M. Eiss
        CHARLES M. EISS, Esq.
        Fla. Bar #612073
        chuck@icelawfirm.com
        Shanna Wall, Esq.
        Fla. Bar #0051672
        shanna@icelawfirm.com